IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **VICKI LANE MARSH,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:06cv00093 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | BY: PAMELA MEADE SARGENT |
| Defendant. | ) | UNITED STATES MAGISTRATE JUDGE |

The plaintiff, Vicki Lane Marsh, proceeding pro se, brought this action against the defendant, the United States of America, under the Federal Tort Claims Act, ("the Act"), 28 U.S.C. § 2671 *et seq.*, seeking damages for the alleged theft of certain personal property. This case is currently before the court on the defendant's Motion To Transfer Venue, (Docket Item No. 21), ("Motion"), which was filed on June 4, 2007. Exclusive jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1346(b)(1). The Motion is before the undersigned by referral pursuant to 28 U.S.C. § 636(b)(1)(A).[1]

*I. Facts*

Vicki Lane Marsh is a resident of the Commonwealth of Virginia, and currently resides in Abingdon, Virginia, which is located within the jurisdiction of the United

---

[1] By Standing Order 2006-05 entered August 29, 2006, all civil cases assigned to Senior United States District Judge Glen M. Williams are referred to the undersigned for full pretrial management, effective August 30, 2006.

-1-

States District Court for the Western District of Virginia. Marsh alleges that a pearl necklace was stolen from her luggage on July 4, 2004, at Los Angeles International Airport, ("LAX"), in Los Angeles, California, by Transportation Security Administration, ("TSA"), inspectors. (Docket Item No. 1), (Complaint at 1-2.) Marsh claims that she packed her 18-inch strand of pearls in the luggage she checked at LAX on July 4, 2004. (Complaint at 1-2.) In addition, she contends that, when she arrived in Charlotte, North Carolina, both of her checked bags were encircled with pink tape marked "TSA, LAX." (Complaint at 2.) Upon arrival in North Carolina, Marsh removed the pink tape and discovered that her pearl necklace was missing from her luggage. (Complaint at 1-2, Attachment #3.)

Marsh claims that she sent several letters, made numerous phone calls, and submitted evidence and claim forms in an effort to recover her personal property and to remedy the situation. (Complaint at 2-3.) She states that she submitted her boarding pass, her ticket, the original box that the pearls were kept in, photographs of her mother and grandmother wearing the pearls and pieces of the pink tape that was affixed to her luggage upon arrival in North Carolina. (Complaint at 2.) However, Marsh argues that the evidence she submitted has since been lost. (Complaint at 2.) Marsh followed the appropriate channels by filing her claim with the TSA. (Complaint at Attachment #3.) Marsh's claim was denied initially, and, on April 12, 2006, her request for reconsideration also was denied. (Complaint at Attachment #3.) Thus, as a result of the denial of her claim, Marsh timely filed an action with this court seeking damages for the alleged theft of her pearl necklace. (Complaint at 1-5, Attachment #3.)

## II. Analysis

The Federal Tort Claims Act waives sovereign immunity as to the United States, and a lawsuit against the United States shall be the exclusive remedy for those with claims against the United States for "money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment." 28 U.S.C.A. § 1346(b)(1) (West 2006). Furthermore, 28 U.S.C. § 1346(b)(1) states that "the law of the place where the act or omission occurred" will govern. Thus, under these circumstances, the United States is equivalent to a private citizen who is subject to the laws of the place where the injury occurred. *See* 28 U.S.C.A. § 1346(b)(1) (West 2006). Accordingly, in this case, because the alleged theft occurred in California, the substantive law of California shall be applied. *See Matthews v. United States*, 825 F.2d 35, 36 (4th Cir. 1987); *see also Piggott v. United States*, 480 F.2d 138, 140 (4th Cir. 1973).

> In general, venue in a civil action against a defendant who is an officer or employee of the United States . . . or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C.A. § 1391(e) (West 2006). When the United States is a defendant, the district courts "shall have exclusive jurisdiction of civil actions on claims against the

United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C.A. § 1346(b)(1) (West 2006). Furthermore, 28 U.S.C. § 1402(b) provides that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."

A district court has the authority to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where [the action] might have been brought." 28 U.S.C.A. § 1404(a) (West 2006). The decision to transfer venue falls within the broad discretion of the district court. *See Brock v. Entre Computer Ctrs, Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). When determining whether a transfer of venue is justified, there are a number of relevant factors that the district court should consider; however, courts have noted that the greater weight shall be given to the plaintiff's choice of forum. *See Collins v. Straight, Inc.*, 748 F.2d 916, 921-22 (4th Cir. 1984); *see also Ellicott Mach. Corp. v. Modern Welding Co., Inc.,* 502 F.2d 178, 180 (4th Cir. 1974). This court has stated that the burden is upon the movant "to disturb the plaintiff's choice of forum by showing that 'the balance of equities is in their favor [and] that judicial economy and convenience to all parties favor suit in another forum.'" *Glamorgan Coal Corp. v. Ratners Group, PLC*, 854 F. Supp. 436, 437-38 (W.D. Va. 1993) (quoting *Eldridge v. Bouchard*, 620 F. Supp. 678, 684 (W.D. Va. 1985)).

Although the plaintiff's choice of forum is to be given the greater weight, a district court also should consider the following factors when deciding a motion to change venue:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The Court will weigh relative advantages and obstacles to [a] fair trial.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also Collins*, 748 F.2d at 921; *Terry v. Walker*, 369 F. Supp. 2d 818, 822 (W.D. Va. 2005); *Optical Cable Corp. v. Mass. Elec. Constr. Co.*, 21 F. Supp. 2d 582, 592 (W.D. Va. 1998); *Jim Crockett Promotions v. Action Media Group Inc.*, 751 F. Supp. 93, 96 (W.D.N.C. 1990). Thus, in an effort to properly determine whether a motion to transfer venue should be granted, the court should examine the facts on a case-by-case basis to ensure that each case is evaluated based upon fairness and convenience.

In its Motion, the United States requests that this court transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, [and] in the interest of justice." (Motion at 2.) In particular, the United States points out that Marsh's suit could have been brought in the Central District of California because it encompasses the location where the actions she complains of occurred. (Motion at 3.) Lastly, the United States argues that, when weighing the relevant factors, it is apparent that the case could be handled more effectively and efficiently if the case were transferred. (Motion at 3-4.) In

support of this argument, the United States contends that all pertinent witnesses, with the exception of the plaintiff, are located in California; that significant hardship would be incurred if each witness was required to travel to Virginia for deposition or trial; and that the United States District Court for the Central District of California would be more familiar with the applicable California law. (Motion at 3-4.) Conversely, in response, Marsh essentially argues that the Motion should be denied, citing personal convenience and personal financial difficulties. (Docket Item No. 23), (Motion to Not Change Venue).

In this case, in order for the United States to overcome Marsh's choice of venue, the United States has the burden to show that, after consideration of the relevant factors, judicial economy and fairness supports a transfer of venue to the Central District of California. *See Glamorgan Coal Corp.*, 854 F. Supp. at 437-38. Here, although no specific witnesses have been identified aside from Marsh, it is clear that all relevant witnesses would be located in California, where the alleged theft occurred. Based upon the facts before the court, it appears that the necessary witnesses would be employees of LAX and, most importantly, inspector employees of TSA. In addition, the costs associated with obtaining willing witnesses, and the availability of compulsory process for unwilling witnesses, would be better served in California. If the case were to remain in Virginia, the costs of obtaining each witness would be much greater because the necessary witnesses would be required to travel across the country.

Similarly, it is clear that virtually all of the discovery in this case will likely take place in California. With the exception of the plaintiff, all of the relevant witnesses

-6-

are located in California. As with most civil cases, depositions would be necessary. Again, the costs of travel for depositions or trial would grow exponentially if the case were to remain in the Western District of Virginia. Therefore, with respect to this issue, the court finds that justice is best served by transferring venue to the Central District of California.

Furthermore, as discussed above, 28 U.S.C. § 1346(b)(1) states that "the law of the place where the act or omission occurred" shall be applied. Therefore, under the Act, the Government amounts to a private citizen who is subject to the laws of California. *See* 28 U.S.C.A. § 1346(b)(1) (West 2006). Naturally, a federal court in California would be much more familiar with the applicable law. This court acknowledges that a Virginia federal court would have no difficulty interpreting the applicable California law; however, in the further interest of justice, considering the fact that all other relevant factors indicate that California would be a more convenient venue, I find that the California federal courts would be best suited to decide this case.

In conclusion, it is readily apparent that this case can be tried far more efficiently and economically in California than in Virginia. California is a more convenient location for any potential witnesses. The court recognizes that the decision to transfer venue may be burdensome upon the plaintiff. Nonetheless, based upon a consideration of the relevant factors and a balancing of the equities, I am of the opinion that, in the interest of fairness and judicial convenience, this matter should be transferred to the Central District of California.

Therefore, for the reasons stated above, the defendant's Motion To Transfer

Venue will be granted. An appropriate order will be entered.

DATED: This 10th day of July 2007.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-8-